## No. 2030.

### MOSES MARX *v.* NATIONAL MARINE AND FIRE INSURANCE COMPANY.

A river policy of insurance, No. 208, was executed in favor of A on the first of February 1867, according to all the forms prescribed by the charter and by-laws of the company. The insurance was "on account of whom it may concern, on such property *lost or not lost*, and in such sums, to and from *such ports or places*, and by such good and seaworthy steamboats or other river craft *as may be approved by the company and entered in the book attached to the policy* ; it being expressly understood and agreed that no risk under this insurance is or shall be binding unless so approved and entered."

Subsequently, on the fourth of same month, A, under the open river policy No. 208, made a special application which was accepted, to have all merchandise shipped to him on the Ohio and Mississippi rivers and their navigable tributaries, covered without being *entered in the book attached to the policy*, the risk on any one boat being limited to $5000, and he binding himself to report the shipment as soon as notice thereof was received by bill of lading or otherwise. On the ninth of April, A had an entry made in the book attached to his policy, by which merchandise shipped to him from *Montgomery on the Alabama river* was covered. The merchandise had been burned on the seventh of same month, but A had no knowledge of the fact at the time of the entry.

Held—That the entry was regularly made and within the terms of the open policy; that said policy authorized the risk from the port of Montgomery, on the Alabama river; and that the *special* application was an additional agreement containing certain stipulations, none of which modified the open policy so as to limit the risks to the *Ohio and Mississippi rivers and their navigable tributaries.*

Where the stipulation is that the property to be insured shall be covered *lost or not lost*, and no fraud has been established against the insured, the contract of insurance becomes operative and covers the property whether lost or not lost at the time of the entry.

APPEAL from the Fifth District Court, Parish of Orleans. *Leaumont, J. H. B. Kelly*, for defendants and appellees. *John M. Bonner*, for plaintiff and appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Kennard.

WYLY, J. The plaintiff sues the National Marine and Fire Insurance Company for $2232, alleging that he holds their open river policy of insurance No. 208, issued on first day of February, 1867; that on the third of April following his agents shipped from Montgomery, Alabama, to New Orleans, on the steamboat "Benefit," a lot of merchandise belonging to him; that he received the invoices on the sixth, and on the ninth of April he presented them at the office and to the proper officer or agent of said company, in order to have the insurance entered in the book annexed to said open policy, making the application in writing; thereupon the entry was made under the heading: indorsements on open river policy No. 208." It mentioned the date, the thing, the name of the vessel, the place of shipment, the destination, the sum insured, the rate of insurance, and the amount of premium.

The plaintiff alleges that said steamboat Benefit was lost with his said merchandise, by fire, on the Alabama river, on the seventh of April, 1867, of which he first heard on the evening of the ninth after said entry had been made on said policy.

He further alleges that he notified the company and demanded settlement, which was refused. He therefore sues for the amount of the insurance. After pleading the general issue, the defendants admit

the execution of the open river policy of insurance No. 208, but aver that the risks to be covered thereby are, by the express terms of the instrument, limited to the Mississippi and Ohio rivers and their navigable tributaries. They deny that they ever entered into any contract of insurance with the plaintiff, covering risks on the Alabama river, where the loss occurred, for which the plaintiff seeks to hold them liable. They admit that the plaintiff, on the ninth of April, 1867, made application to a clerk in their office to have certain merchandise on board the steamboat "Benefit," at and from Montgomery, Alabama, entered upon said open river policy, but they aver that he had no right to claim said entry on said policy, as said application was not in conformity to and accordance with the terms of said policy; that it was outside of its stipulations and involved a new and different contract of insurance, to which they deny the company ever became a party or acceded to by any of its officers authorized by the charter to make contracts, take risks, or make or modify the policies of insurance. They further aver that prior to said application said steamboat "Benefit," with the said merchandise on board, had been destroyed by fire and that the plaintiff had received intelligence thereof, as had also the officers of the company authorized to take risks and make policies of insurance.

They aver that the entry made of said merchandise on said policy of insurance was procured by said Marx's fraudulently cancelling and withholding from the clerk who made the entry, at his instance, the fact well known to said Marx, that said policy did not extend to or cover risks on the Alabama river. They also aver that the entry was made by the clerk on the erroneous supposition that the application corresponded with the terms of the policy which it did not. And they specially deny that the clerk had authority to bind the company by any entry outside of the express terms of the policy.

The court dismissed, as of nonsuit, the demand of the plaintiff, and he has appealed. The question is, was the entry of the ninth of April on the open policy No. 208, made in conformity with the terms of said policy? Was it outside of its stipulations, involving a new contract, which the clerk had no authority to make? In the open policy we find the following clause: "This insurance is declared to be on such property, in such sums, to and from such ports or places, and by such good and seaworthy steamboats, or other river craft, as may be approved by this company and entered in the book attached to this policy. It being expressly understood and agreed, that no risk under this insurance is, or shall be, binding until so approved and entered."

We are of the opinion that the entry was within the terms of the policy and that the risk became binding on the company from the date of the entry.

Under the open policy No. 208, the insurance became complete on such property "to and from such ports or places" as may be approved by the company and "entered in the book attached to this policy." The entry was regularly made; and the open policy authorized the risk from the port of Montgomery, Alabama, because under it an entry could be made from any post or place.

It is not denied that the clerk had authority to make the entry, if it fell within the terms of the policy. Besides a witness of the defendants states that all the entries were made by clerks in the office prior to the ninth April, and they were properly made; among these entries. or indorsements, we notice several on the Alabama river.

But the defendants refer to the river application under open policy No. 208 to show that said policy was limited to shipments on the Mississippi and Ohio rivers and their tributaries; and that it did not cover risks on the Alabama river.

This river application was signed by the plaintiff and the secretary of the company on the fourth of February, 1867. It was intended to cover all shipments, belonging to whom it may concern, addressed to the assured on board any seaworthy vessel on the Mississippi and Ohio rivers and their tributaries, provided the risk by any one boat shall not exceed $5000; and it also stipulated that the assured shall give prompt notice of every shipment as soon as notified thereof by bill of lading or otherwise. In this river application of fourth February, 1867, we do not find the limitation insisted on by the defendants. It simply modifies the original contract so far as relates to consignments to the plaintiff on the Mississippi and Ohio rivers and their tributaries, by stipulating that the risk on no boat shall exceed $5000, and that the risk shall take effect from the date of shipment, instead of the date of entry or indorsement on the open policy.

Under this application all consignments, on rivers named, were insured from the date of shipment. Without it the risk would only attach from the date of entry or indorsement on the open policy No. 208. It is true this river application does not extend to the Alabama river; but the plaintiff does not seek to hold the defendants liable under it. Their liability is claimed from the date of the entry or indorsement which was made pursuant to the express stipulation in open policy No. 208, that the insurance shall attach from the date of entry "on such property, in such sums, to and from such posts or places," as may be approved by the company "and entered in the book attached to this policy." The open policy covers all shipments from the date of the entry contemplated, and there is nothing in the river application in question limiting this stipulation in the original contract of insurance. It is merely an additional agreement by which insurance, on certain rivers, and to certain amounts, might at once be

operative without indorsement or entry in the book annexed to open policy No. 208. The only remaining question is, can the insurers be held liable when it appears that the loss had occurred before the entry or indorsement on the open policy, and of this fact they were, at the time, aware?

No fraud has been established against the assured. He seems to have acted in good faith and had no knowledge, when he applied for the entry, that the loss had occurred on the Alabama river two days before. In the open river policy No. 208 we find a stipulation that the property to be insured shall be covered, lost or not lost. No risk, however, was to be binding till approved and entered. When this was done the contract of insurance became operative and it covered the property whether lost or not at the time of the indorsement.

We have shown that the clerk had authority to make the entry or indorsement because it was within the terms of the open policy. Thereafter the insurance was complete. The amount of the loss is not disputed. The plaintiff should therefore have judgment for the amount claimed, less $27 90, the amount of the premium.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that the plaintiff have judgment against the defendants for two thousand two hundred and thirty-two dollars with legal interest from judicial demand, less twenty-seven dollars and ninety cents, the amount of premium.

It is further ordered that the defendants pay costs of both courts.